

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

ATTORNEY GENERAL

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 26, Texas

Dear Mr. Greer:

Opinion No. O-5866
Re: Proper county for registera-
tion of motor vehicles owned
by a corporation designating
in charter a particular county
as its principal place of busi-
ness, when, in fact, it main-
tains no office in that county
but maintains its principal
office in another county.

We received your letter of recent date, which is, in part, as follows:

"In order to facilitate the legal registra-
tion of motor vehicles owned and operated by a cor-
poration in this State, will you please advise us if
such corporation should register its vehicles in the
county in which such corporation maintains its prin-
cipal office, or in the county in which the corpora-
tion charter shows as its home county, even though
such corporation maintains no office in such county.
For instance, a trucking corporation designates Town
A in X County as its principal place of business in
its charter, yet maintains no office of any kind
either in Town A or elsewhere in X County. Its
principal office admittedly is in B County.

"It is our thought that under the circumstances.
the trucking corporation should register its motor ve-
hicles in B county, the county in which it admittedly
maintains its principal place of business."

Honorable D. C. Greer, page 2

From your question and in order to simplify our answer, we assume that the corporation in question has the sole legal title to, right of possession and control of said motor vehicles. This leaves us the task of determining the county in which the owner (the corporation in question) resides, as is provided in respect to registration of motor vehicles in Article 6675a-2, Vernon's Annotated Civil Statutes, 1925. Said Article provides:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; * * *" (Underscoring ours)

An automobile owner is held required to register automobile in county of owner's residence, as against contention automobile could be registered in any county within state. Opp v. State, (Crim. App.) 94 S. W. (2d) 180.

It is a well settled rule of law in this state that a corporation is a "person" within the meaning of that term as used in constitutional and statutory provisions. Vol. 10, Tex. Jur., p. 655, and cases there cited.

Article 1304, Section 3, Vernon's Annotated Civil Statutes, 1925, "requires the incorporators to state, in the proposed charter, the place or places where the business of the intended corporation is to be transacted. This means, not that the charter is required to state the place where the principal office is to be located, but that the office must be established and maintained within the limits of the state." 10 Tex. Jur., 631.

"In the absence of express statutory provision fixing the locality of the residence of a corporation for particular purposes within the state by which it was created, the general rule is that its residence is where its principal office or place of business is." 13 Amer. Jur., page 281.

Honorable D. C. Greer, page 3

"It is very generally held that a corporation is an inhabitant of the State under whose law it is incorporated, and that it has a residence wherever it conducts its ordinary business." Pittsburg Water Heater Co., v. Sullivan, 115 Tex. 417 (Com. App.), 282 S. W. 576, and cases therein cited; Sanders v. Farmers' State Bank, (Civ. App.), 288 S. W. 635.

In order to determine the county of residence, we first must determine whether a charter recitation as to the place business is to be transacted is conclusive over the actual situs of the principal place of business.

In this respect and as same pertains to the question of venue of suits against corporations, the following has been said:

In the case of Byrd Cattle Co. v. Texas Vegetable Union, (Civ. App.), 22 S. W. (2d) 990, it was held that where the charter itself fixes two places where its principal offices are located, and, although only one of such places is actually used, both are available for venue of a suit against said corporation.

In the case of Hawk & Buck Co. v. Cassidy, (Civ. App.), 164 S. W. (2d) 245, wherein the controlling question was whether the recitations in the charter of the corporation designating Dallas County as its place of business was sufficient to retain the venue there even though the corporation was not, in reality, using such county as a place of residence, the court held as follows:

"Article 1304, V.A.C.S., requires that the charter of any private corporation must set forth the 'place or places where its business is to be transacted.' Such statutes are, no doubt, for the obvious purpose of avoiding disputes as to the company's 'place of business' or 'domicile' and to determine venue, fix a situs 'for the purpose of general jurisdiction and taxation,' and to apprise the stockholders where they may go to inspect the books and records of their company. Fletcher Cyo. Corp., Perm. Ed., Sec. 4046. The domicile of the defendant cor-

poration in this case was thus fixed in Dallas County for the purpose of venue until changed in some manner authorized by law. * * * In this decision, however, we do not wish to be understood as holding that the provisions of the charter fix the venue exclusively in Dallas County. The principal office of the corporation is admittedly in Tarrant County and thus venue against it might also be there under subdivision 23 of Article 1995, V. A. C. S. <u>The conclusiveness of the recitations in the charter must necessarily be construed against the corporation and not in its favor so as to permit it to remove a suit from the county of its actual residence to one designated in its charter."</u> (Underscoring ours)

The effect of the ruling, as announced in the two cases next above mentioned, on our question would seem to be that such charter recitation is a declaration against the interest of the corporation and as such must be strictly construed against the corporation and not in its favor.

Those cases, specifically on the venue question, refused to allow the corporations to play "hide and go seek" with plaintiffs and take advantage of them merely because of a fallacious statement previously made by the corporations in their charter as to the places where their business is to be transacted. This principle, if applied to the question now before us, would seem to forbid the owner corporation to choose arbitrarily its registration situs through a mere recitation in its charter when in truth and fact it does not have even an office in such county so chosen. To hold the contrary would be construing the charter recitation as conclusive in favor of the corporation and allow an obvious subterfuge at the will of the corporation.

A situation similar in some respects to the one in question was decided by the Dallas Court of Civil Appeals on the theory that the situs of the home office in regard to tax matters was a question of fact, and the recitations in the by-laws were not conclusive, and held as follows:

"The undisputed evidence shows that defendant maintains the character of office in Dallas that is

usually termed a 'home office' and does not maintain such an office in the city of Austin, though its by-laws designate the city of Austin as its home office. In the former city is the office of the executive heads of the association, and in that city is transacted all such business of the association as is usually transacted at a home office. In view of this fact, the trial court found as a fact that the home office was in the city of Dallas, and we are of the opinion that such finding is warranted by the undisputed facts in this case." Texas Employers' Ins. Ass'n. v. City of Dallas, 5 S. W. (2d) 614 (Civ. App.) (Writ Ref.).

As a by-law is merely a rule of action in accordance with which the affairs of the corporation are to be conducted, and subject to the charter and statutory provisions, both, the charter recitation as to where its business is to be transacted, and the by-law passed in accordance with said charter recitation, stand on the same plane as to their conclusiveness.

The facts as set out in your letter clearly show that the corporation in question "maintains no office of any kind either in Town A or elsewhere in X County."

Let it be definitely understood that we are not ruling here on where the residence for registration purposes would be if the corporation had an office in the county and at the place designated in the charter in addition to an office in another county.

Considering the above, we hold that the legal residence of the corporation in question for the purpose of registration of its motor vehicles, on the basis of the facts as set out in your letter, is in B County and Not in X County.

Trusting this answers your question, we are

APPROVED MAR 6 1944

*[signature]*

ATTORNEY GENERAL OF TEXAS

*[signature]*

RLL:EP

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*

Robert L. Lattimore, Jr.
Assistant

APPROVED
OPINION
COMMITTEE
BY *[initials]*
CHAIRMAN